ANTONE *v.* DUGGER, SUPERINTENDENT, FLORIDA
STATE PRISON, ET AL.

No. 83–6155 (A–599).   Decided January 25, 1984

PER CURIAM.

We consider an application for a stay of execution that had been set for January 24, 1984, at 7 a. m., and a petition for writ of certiorari. The Court of Appeals for the Eleventh Circuit granted a temporary stay until January 25, at 12 noon, to afford applicant an opportunity to apply to this Court for a stay of execution. At the same time, the Court of Appeals denied applicant's request for issuance of a certificate of probable cause and his application for an indefinite stay of execution.[1] The application and petition now before us were not filed until January 25, shortly after the expiration of the temporary stay.[2] The State has filed an opposition to the pending application.

I

On August 27, 1976, a jury convicted applicant of first-degree murder. He was sentenced to death. The evidence upon which the conviction was based showed that applicant had planned the "contract murder" of a Tampa police officer, apparently to prevent the officer from testifying at a grand jury investigation of "Mob" activities.

On the first appeal, the Florida Supreme Court remanded for a hearing on the question whether the failure to disclose an attorney's-fees arrangement between the State and one of the prosecution witnesses had violated applicant's due proc-

---

[1] Applicant then filed a motion with the Court of Appeals suggesting a rehearing en banc and requesting a further stay. This motion and request were denied by the Court of Appeals on January 25.

[2] Applicant lodged papers with this Court on January 20, while his petition for a writ of habeas corpus was pending before the District Court, but no formal filing for relief here occurred until today.

ess rights under *Brady* v. *Maryland,* 373 U. S. 83 (1963), and *United States* v. *Agurs,* 427 U. S. 97 (1976). *Antone* v. *State,* 355 So. 2d 777 (1978). The trial court found that there was no violation. On the second appeal, the Florida Supreme Court affirmed the conviction. *Antone* v. *State,* 382 So. 2d 1205 (1980). This Court denied certiorari. 449 U. S. 913 (1980).

Applicant was also a party to an unsuccessful suit challenging the Florida Supreme Court's use of extra-record materials in conducting proportionality review of death sentences. *Brown* v. *Wainwright,* 392 So. 2d 1327 (1981), cert. denied, 454 U. S. 1000 (1981). (This practice was also challenged in *Ford* v. *Strickland,* 696 F. 2d 804 (CA11), cert. denied, 464 U. S. 865 (1983); applicant was not a party to that litigation.)

On January 6, 1982, applicant's execution was set for February 5, 1982. He then brought two motions for postconviction relief in state court. The motions raised a number of claims, including ineffective assistance of counsel, further *Brady* violations, and challenges to applicant's arrest under *Payton* v. *New York,* 445 U. S. 573 (1980), and to the constitutionality of the death penalty statute, as well as various challenges to the selection of the jury and the trial proceedings. After an evidentiary hearing, the trial court denied relief, and the Florida Supreme Court affirmed. *Antone* v. *Strickland,* 410 So. 2d 157 (1982).

On January 22, 1982, applicant filed a petition for a writ of habeas corpus in the District Court for the Middle District of Florida. On January 29, 1982, after oral argument, the District Court denied the petition. The Court of Appeals granted a stay and remanded to the District Court for further consideration of applicant's claims. On remand, the District Court again denied relief, and the Court of Appeals affirmed. *Antone* v. *Strickland,* 706 F. 2d 1534 (CA11 1983). This Court denied certiorari on November 28, 1983, 464 U. S. 1003, and denied a petition for rehearing on January 9, 1984, 464 U. S. 1064.

## II

On January 4, 1984, the Governor signed a warrant for the execution of applicant between noon Friday, January 20, and noon Friday, January 27. The execution was subsequently set for January 24, 1984, at 7 a. m.

On January 17, applicant filed a second motion for postconviction relief in the state courts, alleging ineffective assistance at the penalty stage of his trial and unconstitutionality of the Florida death penalty statute under *Lockett* v. *Ohio*, 438 U. S. 586 (1978). The motion was denied. On Friday afternoon, January 20, the Florida Supreme Court affirmed, noting that these claims had been considered and rejected in applicant's prior postconviction proceeding. Applicant also filed a "petition for extraordinary relief" in the Florida Supreme Court, questioning the propriety of that court's use of extra-record materials in reviewing death sentences. The State Supreme Court denied the petition, again noting that applicant's claim previously had been considered by the court in *Brown* v. *Wainwright*, *supra*, and by the Court of Appeals for the Eleventh Circuit in *Antone* v. *Strickland*, *supra*.

Applicant then filed a second petition for a writ of habeas corpus in the District Court on January 20. Of the claims presented in that petition, applicant previously had raised in his first federal habeas petition the contentions that trial counsel was ineffective and that the State unjustifiably withheld testimony of a confidential informant. Nonetheless, applicant urged that these claims be reconsidered, as the press of time during the first set of collateral proceedings had denied his counsel a "full and fair opportunity" to develop the claims in the state and federal courts.

Applicant's second habeas petition also contained several claims that purportedly had not been raised in his first federal habeas petition: (i) that the State violated *Brady* and *Agurs* by failing to disclose prior to trial that the chief prosecution witness had counsel whose fees were paid by the State, despite trial counsel's discovery demand for "any

material or information" relevant to the "credibility of the State's witnesses"; (ii) that the "appearance of justice" was denied by the Florida Supreme Court's consideration of applicant's extra-record materials in deciding applicant's direct appeal; (iii) that the statute under which applicant was sentenced unconstitutionally excluded nonstatutory mitigating factors from consideration, see *Lockett* v. *Ohio, supra.* These claims twice previously had been considered, as noted above, by the Florida Supreme Court.

After a hearing on January 23, the District Court denied a stay of execution, the petition for habeas corpus, and a certificate of probable cause. The court concluded that the "ends of justice" would not be served by reconsideration of the claims that had been raised on the first petition for habeas corpus. Further, the court expressed doubt that the claims that applicant described as "new" had not been substantially considered during the first federal habeas proceeding. It concluded, in any event, that applicant's presentation of these claims on the present petition, insofar as they were new, constituted an abuse of the writ, see 28 U. S. C. § 2254 Rule 9(b), as applicant showed "inexcusable neglect" in not having raised these claims on the first petition.

On appeal, the Court of Appeals concluded in a *per curiam* opinion that the District Court was "correct" in dismissing applicant's petition on the grounds that it presented successive claims and constituted an abuse of the writ. The Court of Appeals therefore denied a certificate of probable cause and a stay of execution pending an appeal on the merits of the habeas petition to that court. The Court of Appeals, however, granted a temporary stay until January 25, at 12 noon, to afford applicant an opportunity to apply to this Court for a stay of execution.

Applicant then submitted to the Court of Appeals a petition for rehearing, a suggestion for rehearing en banc, and an application for a stay pending rehearing. Applicant contended that the insufficient time allowed to his counsel to pre-

pare the first habeas corpus petition violated applicant's right to effective assistance in capital postconviction proceedings; that the inadequacy of counsel's preparation in any event should be relevant to the question whether presentation of new claims constituted abuse of the writ; and that the District Court should have held an evidentiary hearing to inquire into the circumstances under which the first habeas petition was prepared. The Court of Appeals denied the petition for rehearing, the suggestion for rehearing en banc, and the application for stay, with none of the participating judges requesting a vote on the suggestion. Applicant then filed with this Court a petition for writ of certiorari and an application for stay pending consideration of the petition.

## III

Applicant's petition for writ of certiorari repeats the claims that were presented to the Court of Appeals in applicant's petition for rehearing and suggestion for rehearing en banc. Applicant urges that the lower courts should reconsider, after an evidentiary hearing and in light of the haste with which applicant's first habeas petition was prepared, their findings as to applicant's abuse of the writ.[3] Like the Court of Appeals, we conclude that these findings do not warrant further review.

With respect to the grounds for relief that applicant presented to the District Court for the first time on his second

---

[3] Applicant suggests that this haste denied him his right to counsel in postconviction proceedings and refers us in particular to *Ross* v. *Moffitt*, 417 U. S. 600 (1974), and *Powell* v. *Alabama*, 287 U. S. 45 (1932). *Ross* v. *Moffitt* held that the State has no obligation to provide counsel for discretionary direct review of a conviction either in the state courts or in this Court. Whether there is a right to counsel in repetitive collateral proceedings in capital cases is not presented here as applicant had counsel throughout the relevant proceedings. See n. 4, *infra*. We agree with the courts below that the circumstances under which the first petition for habeas was considered do not require those courts to consider further the claims withheld from those petitions.

habeas petition, we uphold the finding of the District Court and the Court of Appeals that presentation of these claims constitutes an abuse of the writ. As applicant had presented each of these claims to the state courts before the first petition for habeas was filed (and, indeed, the substance of these claims may have been presented in the first habeas petition), applicant hardly can contend that these claims were unknown to him at that time.[4]

Nor has applicant shown any basis for disagreeing with the finding of the District Court and the Court of Appeals that the ends of justice would not be served by reconsideration of those claims previously presented on federal habeas. The federal and state courts carefully and repetitively have reviewed applicant's challenges to his conviction and sentence.

---

[4] Applicant contends nonetheless that he could not have been expected to present these claims in his first federal habeas petition, as his present counsel was appointed when execution was imminent and therefore did not have time fully to familiarize himself with the case. This contention is not new, has been rejected by the courts below, and is meritless. The following sequence, however, is of interest: Applicant's conviction became final upon affirmance by the Florida Supreme Court on March 27, 1980, and this Court denied a petition for writ of certiorari to review the conviction on October 14, 1980. Applicant offers no explanation as to why he allowed almost two years to elapse between the affirmance of his conviction and the filing of his first motion for postconviction relief in the state courts on January 15, 1982. Nor does applicant contend that he was denied counsel during that period. In fact, it appears that applicant continued to be represented throughout this period by his trial counsel. That counsel filed a motion to mitigate sentence that was acted upon on January 29, 1981, was listed as applicant's counsel in the petition for writ of certiorari in *Brown* v. *Wainwright*, 392 So. 2d 1327 (1981) (filed on April 3, 1981), and represented applicant on his first postconviction motion and the notice of appeal from denial of that motion in January 1982.

Finally, the lower courts' consideration of the first federal habeas petition, in which applicant was represented by his present counsel, was not conducted under the pressure of imminent execution, as the Court of Appeals had stayed execution pending consideration of applicant's first habeas petition.

Upon consideration of the extensive papers filed with the Court, we find that none of these challenges warrants further review. Indeed, the grounds relied upon by applicant all appear to be meritless.

For these reasons, we deny the petition for writ of certiorari and deny the application for a stay.

*It is so ordered.*

JUSTICE STEVENS, concurring.

In my opinion, the claims presented to the District Court, to the Court of Appeals, and to this Court, by means of the second petition for a federal writ of habeas corpus, are essentially the same as claims that had previously been presented in the first petition. While I join the Court's disposition of the application and petition, I rely largely on the fact that the essence of each of petitioner's current claims was raised in an earlier federal habeas corpus proceeding. *Antone* v. *Strickland*, 706 F. 2d 1534 (CA11), cert. denied, 464 U. S. 1003 (1983). Nothing alleged in this application persuades me that this Court should exercise its discretion to permit petitioner to relitigate these claims. I therefore find it unnecessary to consider the merits of petitioner's arguments concerning hypothetical claims that were raised in the second petition but not in the first.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U.S. 153, 227, 231 (1976), we would grant the application for a stay of execution, grant the petition for certiorari, and vacate the death sentence.