**Larry D. RAPER, Petitioner,**

v.

**Sherry BURT, Respondent.**

**No. 90–73419.**

United States District Court, E.D. Michigan, S.D.

April 10, 1992.

Arthur J. Tarnow, Detroit, Mich., for petitioner.

: Frank J. Kelley, Atty. Gen. by Becky M. Lamiman, Asst. Atty. Gen., Appellate Div., Habeas Corpus Section, Lansing, Mich., for respondent.

·OPINION AND·ORDER DISMISSING
PETITION FOR WRIT OF
HABEAS CORPUS

GADOLA, District Judge.

Petitioner filed this second petition for *habeas corpus* relief with this court November 15, 1990. The petition was referred to United States Magistrate Judge Marc L. Goldman. On March 24, 1992, the

magistrate judge issued a report which recommended that the petition be dismissed. Because this court concurs in the result but differs in the interpretation of the law, this court rejects the magistrate judge's report and recommendation.

## FACTS AND PROCEDURAL HISTORY

This is a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On October 20, 1976, Larry Raper was found guilty of one count of first degree premeditated murder, two counts of second degree murder, and one count of assault with intent to commit murder following a jury trial in the Lenawee County Circuit Court.[1] On December 1, 1976, Mr. Raper was sentenced to four terms of life imprisonment.

Petitioner filed an appeal as of right from his conviction in the Michigan Court of Appeals. In that appeal, he raised five grounds for relief: 1) denial of access to police records; 2) error in the admission of photographs at trial; 3) ineffective assistance of trial counsel; 4) denial of the right to choose a psychiatric expert; and 5) error resulting from pretrial contact between a prospective juror and the trial judge.

On January 19, 1978, the Court of Appeals remanded the matter to the trial court for an evidentiary hearing on petitioner's claim of ineffective assistance of counsel. On remand, the Circuit Court denied petitioner's motion for new trial. The matter was then returned to the Michigan Court of Appeals for review. In a *per curiam* opinion dated July 11, 1979, the Michigan Court of Appeals affirmed petitioner's conviction. No appeal was taken to the Michigan Supreme Court.

On November 27, 1979, petitioner filed an application for delayed appeal in the Michigan Court of Appeals. In this application, petitioner raised new issues, alleging 1) error resulting from prosecutorial misconduct, including repeated comments on Mr. Raper's exercise of his right not to testify; 2) ineffective assistance of counsel; and 3) an equal protection claim arising out of the Court of Appeals' refusal to allow him to file an interlocutory appeal. On June 9, 1980, the Court of Appeals denied the application for delayed appeal for lack of merit.

On July 3, 1980, petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court, raising the same three issues as in the November 1979 application to the Court of Appeals. On December 3, 1980, the Michigan Supreme Court denied petitioner's application for leave to appeal.

In 1981, petitioner filed a petition for writ of *habeas corpus* in this court. *Raper v. Mintzes*, No. 81–70577 (E.D.Mich.1981). On November 25, 1981, the Honorable James P. Churchill granted Mr. Raper's petition in part and denied it in part. In that opinion, Judge Churchill concluded that the prosecutor's comments in closing argument had violated Mr. Raper's fifth amendment right not to testify. The court granted the *habeas* petition with respect to the conviction for the first degree murder of Brenda Raper. However, it denied *habeas* relief as to the other three convictions, finding that the error was harmless as to those counts.

This decision was upheld by the United States Court of Appeals for the Sixth Circuit. *Raper v. Mintzes*, 706 F.2d 161 (6th Cir.1983). In that decision the Sixth Circuit directed the state to retry Mr. Raper on the first degree murder charge within 90 days.

The state chose not to retry petitioner and in January 1984 he filed a motion for re-sentencing in the state trial court. The

---

1. The facts reveal that on the night of April 19, 1976, petitioner went to the home of his estranged wife, Brenda Raper. Mrs. Raper was watching television with Howard "Sam" Kobel, whom she had been dating. Mr. Kobel's two children, Lisa and Tammy, aged 7 and 5, were sleeping in a bedroom. Brenda Raper answered a knock at the door and after a short conversation was shot by petitioner, who was armed with shotgun. Petitioner entered the house and

followed Kobel into the bedroom where Kobel had gone to protect his children. After a short struggle, Raper shot Kobel in the neck. Raper then shot the two Kobel children. Brenda Raper and the two Kobel children died from their wounds. Kobel survived. Petitioner was found guilty of first degree murder with respect to Brenda Raper and second degree murder with respect to the two children.

motion was granted; and on February 16, 1984, petitioner was sentenced to concurrent sentences of life in prison on each of the two remaining counts of second degree murder and to a concurrent sentence of 20–40 years on the assault with intent to murder charge.

Petitioner appealed these sentences to the Michigan Court of Appeals. However, in an opinion dated April 19, 1985, the court affirmed. No appeal was taken from this decision.

In 1989, petitioner filed a motion for new trial in the Lenawee County Circuit Court. In that motion, he alleged that reversal of the second degree murder convictions was required because the jury instructions given on the issue of malice were defective under the holding of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In a decision dated September 8, 1989, the trial court agreed that the instructions given were, in all likelihood, erroneous under *Sandstrom*, as well as under *People v. Woods*, 416 Mich. 581, 331 N.W.2d 707 (1982). The court found, however, relying on *Woods*, that the rule announced in *Sandstrom* would not be applied retroactively. Accordingly, the motion for new trial was denied.

Petitioner filed an application for leave to appeal with the Michigan Court of Appeals. That application was denied on February 26, 1990. A delayed application for leave to appeal to the Michigan Supreme Court was denied on October 30, 1990.

On November 15, 1990, petitioner filed this petition for writ of *habeas corpus*. The sole issue presented in this petition is whether petitioner's right to due process was violated by the trial court's instruction on malice, which permitted the jury to imply malice from an unprovoked, unjustifiable, or inexcusable killing. The respondent has filed a motion to dismiss the petition. The respondent contends that dismissal is warranted because this second petition for *habeas corpus* is an abuse of the writ under *McCleskey v. Zant*, — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). It is this issue that is currently before court.

## LEGAL PRINCIPLES

■ Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Under the rule, there are two distinct bases for dismissing a second *habeas* petition. When a petition raises the identical issue or issues previously raised and decided adversely on the merits, controlling weight must be given to the previous denial unless the ends of justice would not be served. *See Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). This is generally referred to as a successive petition.

■ Claims which are raised for the first time in a subsequent petition are commonly referred to as abusive petitions. *Andrews v. Deland*, 943 F.2d 1162, 1171 (10th Cir. 1991). This is true whether the failure to present the claim in the initial petition was a matter of deliberate abandonment or arose through inexcusable neglect. *Delo v. Stokes*, 495 U.S. 320, 324, 110 S.Ct. 1880, 1882, 109 L.Ed.2d 325 (1990); *Antone v. Dugger*, 465 U.S. 200, 205, 104 S.Ct. 962, 964, 79 L.Ed.2d 147 (1984). Because petitioner did not raise the issue presented here in his first petition, only the issue of abusive petitions need be examined.

■ In *McCleskey*, the Supreme Court held that the cause and prejudice test applicable to procedural defaults is also applicable in determining whether there has been an abuse of the writ through inexcusable neglect. — U.S. at —–—, 111 S.Ct. at 1471–72, 113 L.Ed.2d at 545–46. Where claims are raised for the first time in a second or subsequent petition, the petitioner is required to show both cause for the failure to raise the claim earlier, as well as

actual prejudice arising from the claimed error. *Id.; Andrews,* 943 F.2d at 1171.

■ Even when cause and prejudice cannot be established, federal courts retain the authority to issue the writ if the petitioner can show that the failure to do so will result in a fundamental miscarriage of justice. A fundamental miscarriage of justice occurs when the constitutional violation probably has caused the conviction of a person innocent of the crime. *McCleskey,* ── U.S. at ──── ────, 111 S.Ct. at 1469–71, 113 L.Ed.2d at 544–45.

■ The initial burden is on the state to outline the prior writ history with clarity and particularity, identify the claims raised in the prior petition, and allege abuse of the writ. The burden then shifts to the petitioner to disprove the claim of abuse, including a showing of why the claim was not raised in the first petition. *Russell v. Collins,* 944 F.2d 202, 205 (5th Cir.1991).

■ Under *McCleskey,* in order to show cause excusing a failure to raise a claim in a previous petition, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim, such as government interference or the unavailability of the factual basis of the claim. ── U.S. at ────, 111 S.Ct. at 1469, 113 L.Ed.2d at 544; *see also Andrews,* 943 F.2d at 1171. In determining whether cause has been established, *McCleskey* directs that the conduct of the petitioner be examined.

> ... the question is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through habeas process.

*McCleskey,* at ────, 111 S.Ct. at 1472, 113 L.Ed.2d at 547. *McCleskey* thus puts the burden on the petitioner to conduct a reasonable and diligent inquiry in order to raise all relevant claims in the initial petition. Only then is the issue of prejudice arising from the claimed error examined.

### CAUSE AND PREJUDICE

■ Raper cannot establish, and indeed does not seriously argue, that cause exists for his failure to raise the *Sandstrom* issue in the first *habeas* petition. While *Sandstrom* was not decided until June 11, 1979, long after petitioner's trial and shortly after the denial of petitioner's first appeal, *Sandstrom* was the law on November 27, 1979, at the time petitioner's application for leave to appeal was filed in the Michigan Court of Appeals, and long before 1981, when the first petition for writ of *habeas corpus* was filed.[2]

Petitioner has failed to proffer any reason which would establish cause for his failure to include the *Sandstrom* claim in the first petition. There is no showing of any objective external factor precluding the presentation of the claim and none is alleged. Moreover, there obviously existed a sufficient basis to allege the claim in the first petition, as *Sandstrom* had been the law for almost two years. Having failed to meet his burden under *McCleskey* to show cause for the failure to present this issue in his first *habeas* petition, petitioner's procedural default cannot be excused under the cause and prejudice test.

### FUNDAMENTAL MISCARRIAGE OF JUSTICE

■ Petitioner contends, however, that the court should excuse the failure to raise the claimed error because a fundamental miscarriage of justice would result from its failure to do so. As noted, in order to establish a fundamental miscarriage of justice which would permit a review of petitioner's claim on the merits, the petitioner must make a showing that the alleged constitutional violation probably resulted in the conviction of an innocent person. *McCleskey,* at ────, 111 S.Ct. at 1471, 113 L.Ed.2d at 545; *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

Petitioner cannot establish such a claim. Petitioner's sole argument is that the trial court erroneously instructed the jury that

**2.** Thus, petitioner could have presented the *Sandstrom* issue to the state courts in 1979 in order to exhaust his state remedies on that issue.

the burden of proof had shifted to petitioner and that the jury was permitted to imply malice. This, petitioner states, is in contravention of *Sandstrom,* 442 U.S. at 524, 99 S.Ct. at 2459. However, *Sandstrom* was decided in 1979, well after petitioner's trial. The Sixth Circuit has clearly stated that *Sandstrom* is not to be applied retroactively. *Cain v. Redman,* 947 F.2d 817, 822 (6th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1299, 117 L.Ed.2d 521 (1992); *see also Harris v. Jabe,* 955 F.2d 44 (6th Cir. 1992) (unpublished disposition). Because *Sandstrom* is not to be applied retroactively, petitioner can cite no error in the trial court's instructions to invoke the "miscarriage of justice" exception.

## ORDER

For the foregoing reasons, it is hereby ORDERED that the petition for *habeas corpus* is DENIED.

SO ORDERED.