**Jerry Lynn YOUNG, Petitioner,**

v.

**Steve PUCKETT and the State of Mississippi, Respondents.**

**Civ. A. No. 1:92CV081–S–D.**

United States District Court, N.D. Mississippi, E.D.

May 18, 1993.

Jerry Lynn Young, pro se.

Marvin L. White, Jr., Asst. Atty. Gen., Jackson, MS, for respondents.

## MEMORANDUM OPINION ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

SENTER, Chief Judge.

This cause is before the court on a writ of habeas corpus filed by the petitioner, Jerry Lynn Young, pursuant to 28 U.S.C. § 2254.

### FACTS [1]

The Circuit Court of Lee County convicted the petitioner, Jerry Lynn Young (hereinaf-

---

1. These facts have been drawn from several of the previous opinions written by the United

States Court of Appeals for the Fifth Circuit, United States District Court for the Northern

ter, referred to as "Young"), of robbery of the Bank of Mississippi in Tupelo, Mississippi. His conviction was affirmed by the Mississippi Supreme Court, 420 So.2d 1055. Young filed his first habeas corpus petition in November of 1982 in the United States District Court for the Northern District of Mississippi. He asserted that his conviction was based upon a violation of his due process rights because an in-court identification was based upon an impermissible suggestive pre-trial photographic array. The district court found a due process violation, granted the writ, and the state appealed. Because the district court found the due process violation sufficient to grant the writ, it did not reach any other issues in Young's petition. On appeal, a panel of the United States Court of Appeal, Fifth Circuit, reversed, stating:

> [Young] does not show adequate cause why he failed to raise the improperly suggestive pre-trial, and because his failure to so raise it was the reason the Mississippi Supreme Court refused to grant relief in respect thereto, that claim is not reviewable in a federal habeas proceeding.
>
> \*    \*    \*    \*    \*    \*
>
> The Mississippi Supreme Court decided that Young did not timely object to the identification procedure, providing an adequate and independent state procedural ground for refusal to consider his due process claim.

*Young v. Herring*, 777 F.2d 198, 204 (5th Cir.1985) (footnote omitted) (*Young I*).

The case was remanded by the panel for the district court to consider Young's other claims. *Id.* at 205. On remand, the district court found that the law of the case doctrine precluded reconsideration of the identification issue, that the remainder of Young's claims lacked merit, and denied Young's petition. Young appealed from this decision. *Young v. Herring*, 917 F.2d 858 (5th Cir. 1990). On the second appeal, the panel (2–1 split) concluded that the law of the case doctrine did not foreclose review of Young's due process claim because the United States Supreme Court's decision in *Harris v. Reed*,

489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) amounted to an intervening change in controlling authority. *Id.* 917 F.2d at 861–62. The panel decided that the Mississippi Supreme Court's decision was "ambiguous on its face," and concluded that its failure to include a plain statement that it relied upon state law permitted federal habeas review. The panel therefore reached the merits of Young's process claim, reversed the district court, and granted the writ. *Id.* at 863–64. Rehearing en banc was granted, *Young v. Herring*, 925 F.2d 827 (5th Cir.1991). The Court of Appeals held that a state procedural bar precluded habeas review even though the Mississippi Supreme Court decision did not contain a plain statement on adequate and independent state grounds. The en banc court remanded the case to the panel for consideration of Young's remaining claims. On remand the panel held that the other claims not previously addressed were without merit. *Young v. Herring*, 938 F.2d 543 (5th Cir.1991) (*Young II*).

In April of 1992, Young filed a second habeas corpus. Young alleges "that he is being held unlawfully because he was deprived of his Sixth Amendment right to effective assistance of counsel prior to and during his 1980 trial." Petition for Writ of Habeas Corpus, at 3 (April 6, 1992). "The ineffective assistance of counsel claim at issue herein was clearly raised in Young's 1982 habeas petition." Objections to Magistrate Judge's Report and Recommendations, at 2 (June 22, 1992). "This Court, therefore, really has only one question to decide in this case: whether the prior determination of Young's ineffective assistance of counsel claim was on the merits." Objections to Magistrate Judge's Report and Recommendations, at 3.

## DISCUSSION

28 U.S.C. § 2244(b) addresses repetitive applications for writs of habeas corpus by state prisoners.

> ... a subsequent application for a writ of habeas corpus on behalf of [a person in custody pursuant to the judgment of a

District of Mississippi, and Magistrate Judge Jerry Davis of the United States District Court for the

Northern District of Mississippi.

State court] need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

"Section (b) establishes a 'qualified application of the doctrine of res Judicata.'" *McCleskey v. Zant,* 499 U.S. 467, ——, 111 S.Ct. 1454, 1466, 113 L.Ed.2d 517, 539 (1991) (quoting S.Rep. No. 1797).

On remand to consider Young's remaining claims, a panel of the United States Court of Appeals, Fifth Circuit in *Young II,* 938 F.2d at 561, concluded that "the district court did not abuse its discretion by deciding Young's *Brady* and ineffective assistance claims without an evidentiary hearing." The panel determined that "Young [was] not entitled to a federal evidentiary hearing on the basis of frivolous or incredible allegations." *Id.* "While the focus of the Circuit Court's opinion was the necessity of a hearing on ineffective assistance, it cannot be said that the Circuit Court totally failed to address the substantive issue." Magistrate Judge's Report and Recommendation, at 4 (June 29, 1992). The panel in footnote 13 listed all of the claims that Young had raised regarding his attorney's ineffectiveness.

13. Young contends, *inter alia,* that his trial counsel failed to obtain a continuance of the trial after assuring Young that he could do so, failed to prepare adequately for trial, failed properly to object to Hoard's identification testimony, and failed to call certain witnesses. Young also contends that his trial counsel failed to object to improper bolstering testimony of one of the state's witnesses, failed to allow Young to testify, failed to submit proper jury instructions, failed to raise certain issues that Young thought should have been raised in support of his motion for a new trial, and conducted an inadequate pretrial investigation.

*Id.* 938 F.2d at 561, fn. 13. Most of these same claims have been raised in the petition *sub judice.* The panel clearly affirmed the district court's order denying the petitioner's first habeas. On remand to determine the remaining claims not adjudicated in *Young I,* this court adopted the magistrate judge's second report and recommendation, dated January 9, 1989. The magistrate judge considered Young's claims of ineffective assistance of counsel and properly applied the test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The magistrate judge's conclusion was adopted by this court, and affirmed by the Fifth Circuit, *Young II,* 938 F.2d at 562. Young's petition for Writ of Certiorari was denied by the United States Supreme Court on March 23, 1992 (No. 91–6510).

The petitioner has not only previously raised most of the alleged grounds asserting ineffective assistance of counsel, but also, had ample opportunity to argue additional ones. Since the issue was previously adjudicated in Young's first habeas corpus, 28 U.S.C. § 2244(b) precludes this court from further review of those specific issues and any others that should have been raised. His failure to raise an issue waives the power of this court to review that issue. *See Woodard v. Hutchins,* 464 U.S. 377, 104 S.Ct. 752, 78 L.Ed.2d 541 (1984) (three claims "could and should have been raised in" the first petition); *Antone v. Dugger,* 465 U.S. 200, 104 S.Ct. 962, 79 L.Ed.2d 147 (1984) (claims presented first time in a second federal petition constituted abuse of the writ); *Kuhlmann v. Wilson,* 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986) (grounds "available but not relied upon in prior petition" is abuse of the writ). Young's allegations of ineffective assistance of counsel are foreclosed from consideration.

The petitioner has called on the fundamental miscarriage of justice exception to avoid the respondent's defense of successive use of the writ. Interpreting *Sawyer v. Whitley,* 505 U.S. ——, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), the Supreme Court in *Herrera v.*

*Collins,* —— U.S. ——, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) stated:

> ... a petitioner otherwise subject to defenses of abusive or successive use of the writ may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence. [ ].... [A] claim of "actual innocence" is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.

*Id.,* at ——, 113 S.Ct. at 862, 122 L.Ed.2d at 219. Since Young's constitutional claim of ineffective counsel in the case at bar has been refused, his attempted showing of factual innocence is not a vehicle for this court to grant relief.

> The fundamental miscarriage of justice exception is available "only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence." We have never held that it extends to freestanding claims of actual innocence.

*Id.,* at ——, 113 S.Ct. at 863, 122 L.Ed.2d at 219 (quoting *Kuhlmann v. Wilson,* 477 U.S. at 454, 106 S.Ct. at 2627) (emphasis added).

Even assuming that the petitioner had a constitutional violation, in order to make a colorable showing of factual innocence, a petitioner must show "a fair probability that, in the light of the evidence, the trier of fact would have entertained a reasonable doubt as to his guilt." *Sawyer v. Whitley,* 945 F.2d 812, 820 (5th Cir.1991). After reviewing the record, this court concurs with the conclusion that "[e]ven in the face of the proffered testimony" the record evidence was sufficient for "a rational juror to find a pathway ... to convict." Magistrate Judge's Report and Recommendation, pg. 6 (quoting *Id.,* at 820, n. 12).

The petitioner also reiterates an argument that he raised in *Young II.* He improperly argues that his ineffective assistance of counsel claims cannot be adjudicated on the merits without having had an evidentiary hearing.

A petitioner is entitled to a federal evidentiary hearing only where there are "disputed facts and the petitioner did not receive a full and fair hearing in a state court." *Wiley v. Puckett,* 969 F.2d 86, 98 (5th Cir.1992). No hearing is required where the record is complete and the evidence in the record is sufficient to provide full review of the petitioner's claim. *Skillern v. Estelle,* 720 F.2d 839, 850–51 (5th Cir. 1983).

*Wilcher v. Hargett,* 978 F.2d 872, 877 (5th Cir.1992). The Fifth Circuit directly addressed this issue and denied that an evidentiary hearing was necessary. *See Young II,* 938 F.2d at 561.

For the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendations denying the petitioner's motion for summary judgment and granting the respondent's motion to dismiss under Rule 9(b).

An ORDER in accordance with this opinion shall be entered.

## ORDER AND FINAL JUDGMENT

In accordance with a Memorandum Opinion this day rendered in the above cause, the court hereby orders:

The Magistrate Judge's Report and Recommendations dated June 29, 1992, is adopted.

The petitioner's motion for summary judgment is denied.

The respondents' motion to dismiss under Rule 9(b) is granted.

The petitioner's petition for habeas corpus is dismissed with prejudice.

SO ORDERED.