Filed 1/16/15  P. v. Chavarria CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCUS DANIEL CHAVARRIA,<br><br>    Defendant and Appellant. | H040215<br>(Santa Clara County<br>Super. Ct. No. 201626) |

Marcus Daniel Chavarria appeals from the order after judgment, filed June 7, 2013, denying his petition for recall of his Three Strikes sentence under Penal Code section 1170.126.[1]  (See § 1237, subd. (b).)  "Section 1170.126 creates a substantial right to be resentenced and provides a remedy by way of a statutory postjudgment motion." (*Teal v. Superior Court*, *supra*, 60 Cal.4th at p. 600.)  The trial court found Chavarria was ineligible for resentencing because he did not meet the threshold statutory requirement for bringing a petition for recall of sentence under section 1170.126.

Chavarria, who has appointed counsel on appeal, claims that the trial court violated his constitutional rights by summarily denying the petition without appointment of counsel to represent him.  He does not assert that the trial court erred in finding him statutorily ineligible for resentencing.

---

[1]  All further references are to the Penal Code unless otherwise specified.  The California Supreme Court has resolved that the denial of a petition for recall pursuant to section 1170.126 is an appealable order under section 1237, subdivision (b), even if the ground for denial was that petitioner failed to meet the threshold eligibility requirement. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597-599, 601.)

I

*Procedural History*

On June 4, 2013, Chavarria filed his petition for recall of sentence. He relied on section 1170.126, which was added by initiative measure in November 2012. (Prop. 36, § 6, approved Nov. 6, 2012, eff. Nov. 7, 2012.) A copy of the abstract of judgment of his 1998 conviction was attached to his petition. It showed that Chavarria was convicted of (1) inflicting corporal injury upon a spouse with an enhancement for personal infliction of great bodily injury (former §§ 273.55, 12022.7, subd. (d)), (2) battery with serious bodily injury (§§ 242, 243, subd. (d)), and (3) attempted false imprisonment with an enhancement for personal infliction of great bodily injury (§§ 236, 237, 664, former § 12022.7, subd. (d)). He was sentenced to a 20-year prison term plus an indeterminate term of 25 years to life under the Three Strikes law.

In its June 7, 2013 order, the trial court explained that it was denying Chavarria's petition because defendant had been convicted of "a serious/violent felony" (see §§ 667.5, subd. (c)(8), 1192.7, subd. (c)(8)), and, consequently, he was not eligible for resentencing under section 1170.126.

II

*Discussion*

A. *No Prima Facie Showing of Eligibility to Petition for Recall of Sentence*

Chavarria frames the question on appeal as "whether a petitioner who makes a prima facie showing is entitled to the assistance of counsel in prosecuting his resentencing petition." We first point out that Chavarria has not made a prima facie showing that he was entitled to possible relief pursuant to section 1170.126.

Subdivision (b) of section 1170.126 provides in part: "Any person serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] upon conviction, whether by trial or plea, of a felony or felonies that are *not defined as*

2

*serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . ."[2] (Italics added.)

The enhancement under former section 12022.7, subdivision (d), that attached to two of the felony convictions for which Chavarria is now serving a 25-years-to-life term under the Three Strikes law rendered those felony convictions serious and violent. (See § 667.5, subd. (c)(8) ["Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 . . ."]; § 1192.7, subd. (c)(8) [any "felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . ."].) Consequently, Chavarria's petition did not show prima facie eligibility to petition for recall of sentence pursuant to section 1170.126.

B. *No Right to Counsel to Prosecute Frivolous Petition for Recall of Sentence*

1. *Generally Governing Law*

The Sixth Amendment to the United States Constitution establishes that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . have the Assistance of Counsel for his defence." "It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.' *Iowa v. Tovar*, 541 U.S. 77, 80-81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004); see *United States v. Cronic*, 466 U.S. 648, 653–654, 104 S.Ct. 2039, 80 L.Ed.2d

---

[2]  Section 1170.126, subdivision (b), provides in full:  "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are *not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section."  (Italics added.)

657 (1984); *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." (*Marshall v. Rodgers* (2013) __ U.S. __, __ [133 S.Ct. 1446, 1449].) A criminal defendant's Sixth Amendment right to counsel extends to "sentencing in both noncapital, see *Glover v. United States*, 531 U.S. 198, 203-204, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001); *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and capital cases, see *Wiggins v. Smith*, 539 U.S. 510, 538, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)" (*Lafler v. Cooper* (2012 __ U.S. __, __ [132 S.Ct. 1376, 1385-1386]; see *People v. Doolin* (2009) 45 Cal.4th 390, 453.)

"*Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), established that an indigent criminal defendant has a right to appointed counsel in his first appeal as of right in state court. *Evitts v. Lucey* [(1985) 469 U.S. 387 [105 S.Ct. 830]] held that this right encompasses a right to effective assistance of counsel for all criminal defendants in their first appeal as of right. [The United States Supreme Court] based [its] holding in *Douglas* on that 'equality demanded by the Fourteenth Amendment.' 372 U.S., at 358, 83 S.Ct., at 817. Recognizing that '[a]bsolute equality is not required,' [the court] nonetheless held that 'where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, . . . an unconstitutional line has been drawn between rich and poor.' *Id.*, at 357, 83 S.Ct., at 816 (emphasis in original)." (*Coleman v. Thompson* (1991) 501 U.S. 722, 755-756 [111 S.Ct. 2546].)

"In *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), and *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), [the United States Supreme Court] declined to extend the right to counsel beyond the first appeal of a criminal conviction. [The court] held in *Ross* that neither the fundamental fairness required by the Due Process Clause nor the Fourteenth Amendment's equal protection guarantee necessitated that States provide counsel in state discretionary appeals where defendants already had one appeal as of right. . . . Similarly, in *Finley* [the court] held that there is no right to counsel in state collateral proceedings after exhaustion

4

of direct appellate review.  481 U.S., at 556, 107 S.Ct., at 1993-1994 (citing *Ross*, *supra*)." (*Coleman v. Thompson*, *supra*, 501 U.S. at p. 756.)  In *Coleman v. Thompson,* the Supreme Court determined that a habeas corpus petitioner had no "right to counsel to appeal a state collateral determination of his claims of trial error."[3]  (*Id.* at pp. 756-757.)  Further, federal courts have consistently held that a felon has no constitutional right to be represented by an attorney on a statutory, postjudgment motion to reduce a final sentence.  (See, e.g., *U.S. v. Webb* (11th Cir. 2009) 565 F.3d 789, 794-795 (*per curiam*) [Sixth Amendment right to counsel that normally applies in sentencing or resentencing hearing does not apply to a motion under § 3582, subd. (c)(2), to reduce sentence based upon post-sentencing amendments to federal sentencing guidelines]; *U.S. v. Taylor* (4th Cir. 2005) 414 F.3d 528, 530 [no federal constitutional right to counsel when government brings motion to reduce a final sentence pursuant to Fed. Rules Crim. Proc., rule 35(b)]; *U.S. v. Whitebird* (5th Cir. 1995) 55 F.3d 1007, 1011 [no constitutional right to appointed counsel to bring motion pursuant to 18 U.S.C. § 3582(c)(2)].)

2. *Cases Relied Upon by Appellant*

In claiming a constitutional right to counsel, Chavarria relies upon two United States Supreme Court cases, *Gardner v. Florida* (1977) 430 U.S. 349 (*Gardner*) and

---

[3]      In *Gagnon v. Scarpelli* (1973) 411 U.S. 778 [93 S.Ct. 1756], the United States Supreme Court rejected the contention that a state is constitutionally compelled to provide counsel for indigents in all probation or parole revocation cases (*id.* at pp. 787-790) but the court did hold that "there will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees." (*Id.* at p. 790.) Fundamental fairness presumptively requires the provision of counsel "where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." (*Ibid.*)

*Mempa v. Rhay* (1967) 389 U.S. 128 [88 S.Ct. 254] (*Mempa*), and two California Supreme Court cases, *People v. Shipman* (1965) 62 Cal.2d 226 (*Shipman*) and *In re Clark* (1993) 5 Cal.4th 750.

In *Gardner*, *supra*, 430 U.S. 349, a plurality of the United States Supreme Court concluded that "petitioner was denied due process of law when the death sentence was imposed, at least in part, on the basis of information which he had no opportunity to deny or explain." (*Id*. at p. 362.) In reaching that conclusion, the court stated: "[I]t is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause. Even though the defendant has no substantive right to a particular sentence within the range authorized by statute, the sentencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel. [Citations.] The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process. [Citation.]" (*Id*. at p. 358, fn. omitted.)

The *Gardner* case does not help Chavarria. First, *Gardner* was a capital case and this case is not. Second, while *Gardner* mentioned that sentencing is a critical stage of a criminal prosecution and applied principles of due process, it did not address the right to counsel at postconviction proceedings. We accept that original sentencing or resentencing upon remand following an appeal is a critical stage of a criminal prosecution but the resentencing sought by Chavarria does not fall into those categories.

In *Mempa*, *supra*, 389 U.S. 128, which involved two consolidated cases applying Washington state law, sentencing had been "deferred subject to probation." (*Id*. at p. 130.) The petitioners pleaded guilty and were placed on probation without imposition of sentence; they were later sentenced upon revocation of probation without the benefit of counsel. (*Id*. at pp. 130-133.) The United States Supreme Court stated the basic rule that "appointment of counsel for an indigent is required at every stage of a criminal

6

proceeding where substantial rights of a criminal accused may be affected." (*Id*. at p. 134.) It determined that a lawyer must be afforded to defendants at the deferred sentencing stage of the proceeding. (*Id*. at p. 137.)

Charvarria was sentenced in 1998. His 2013 petition for recall under section 1170.126 did not constitute deferred sentencing. Rather, the petition initiated a statutory, postconviction procedure to seek a reduction of sentence.

*Shipman*, *supra*, 62 Cal.2d 226 has been described as "[t]he seminal case setting forth the modern requirements for obtaining a writ of error *coram nobis*" in California. (*People v. Kim* (2009) 45 Cal.4th 1078, 1092.) A writ of error *coram nobis* is a narrow remedy to vacate a conviction and has limited application.[4] (*Ibid*.)

In *Shipman*, the California Supreme Court stated that "[i]t is now settled that whenever a state affords a direct or collateral remedy to attack a criminal conviction, it cannot invidiously discriminate between rich and poor. . . . Although the United States Supreme Court has not held that due process or equal protection requires appointment of counsel to present collateral attacks on convictions, it has held that counsel must be appointed to represent the defendant on his first appeal as of right. (*Douglas v. California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811].) Since the questions that may be raised on *coram nobis* are as crucial as those that may be raised on direct appeal, the

---

[4] "To qualify as the basis for relief on *coram nobis*, newly discovered facts must establish a basic flaw that would have prevented rendition of the judgment. [Citations.] . . . New facts that would merely have affected the willingness of a litigant to enter a plea, or would have encouraged or convinced him or her to make different strategic choices or seek a different disposition, are not facts that would have prevented rendition of the judgment." (*People v. Kim*, *supra*, 45 Cal.4th at p. 1103.) "Because the writ of error *coram nobis* applies where *a fact* unknown to the parties and the court existed at the time of judgment that, if known, would have prevented rendition of the judgment, '[t]he remedy does not lie to enable the court to correct errors of law.' [Citations.] Moreover, the allegedly new fact must have been unknown and must have been in existence at the time of the judgment. (*People v. Shipman*, *supra*, 62 Cal.2d at p. 230 . . . .)" (*Id*. at p. 1093.) "[T]he writ of error *coram nobis* is unavailable when a litigant has some other remedy at law." (*Ibid*.)

7

*Douglas* case precludes our holding that appointment of counsel in *coram nobis* proceedings rests solely in the discretion of the court. [¶] A state may, however, adopt reasonable standards to govern the right to counsel in *coram nobis* proceedings." (*Shipman*, *supra*, 62 Cal.2d at pp. 231-232.) The court established that where "an indigent petitioner has stated facts sufficient to satisfy the court that a hearing is required, his claim can no longer be treated as frivolous and he is entitled to have counsel appointed to represent him" and entitled to counsel on appeal but "*in the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed either in the trial court or on appeal from a summary denial of relief in that court*." (*Id.* at p. 232, italics added.)

*In re Clark*, *supra*, 5 Cal.4th 750, the California Supreme Court concluded that "[i]n limited circumstances, consideration may be given to a claim that prior habeas corpus counsel did not competently represent a petitioner." (*Id.* at p. 779.) It explained: "An imprisoned defendant is entitled by due process to reasonable access to the courts, and to the assistance of counsel if counsel is necessary to ensure that access, but neither the Eighth Amendment nor the due process clause of the United States Constitution gives the prisoner, even in a capital case, the right to counsel to mount a collateral attack on the judgment. (*Murray v. Giarratano* (1989) 492 U.S. 1 [106 L.Ed.2d 1, 109 S.Ct. 2765].) This court has held, however, that if a petition attacking the validity of a judgment states a prima facie case leading to issuance of an order to show cause, the appointment of counsel is demanded by due process concerns. (*People v. Shipman*, *supra*, 62 Cal.2d 226, 231-232; cf. *Coleman v. Thompson* (1991) 501 U.S. [722] [115 L.Ed.2d 640, 111 S.Ct. 2546].) [¶] Regardless of whether a constitutional right to counsel exists, a petitioner who *is* represented by counsel when a petition for writ of habeas corpus is filed has a right to assume that counsel is competent and is presenting all potentially meritorious claims. (But see, *Coleman v. Thompson*, *supra*, 501 U.S. [722] [115 L.Ed.2d 640] [where no right to counsel exists there can be no constitutionally ineffective

8

counsel]; *Antone v. Dugger* (1984) 465 U.S. 200 [79 L.Ed.2d 147, 104 S.Ct. 962] [failure to raise claims in first petition not excused on ground that counsel was rushed].) [¶] If, therefore, counsel failed to afford adequate representation in a prior habeas corpus application, that failure may be offered in explanation and justification of the need to file another petition." (*Id.* at pp. 779-780.) This holding has no application to this case.

No coherent constitutional principle can be derived from the holdings of the foregoing cases to establish a right to counsel under the circumstances of this case. Chavarria has not shown that proceedings on a postconviction petition for recall of sentence pursuant to section 1170.126 are part of a criminal prosecution within the meaning of the Sixth Amendment. Neither has he established that he has a constitutional right to counsel under existing case law based upon principles of due process. A petition pursuant to section 1170.126 is not the first appeal of right. It does not even challenge the validity of the original sentence. Although due process may afford a right to counsel in certain proceedings beyond the coverage of the Sixth Amendment, Chavarria has not demonstrated that the fundamental fairness demanded by due process required the appointment of counsel to represent him on his petition for recall, which lacked any arguable merit because he was patently statutorily ineligible for relief under section 1170.126.

## DISPOSITION

The order denying the petition for recall of sentence is affirmed.

                                  _____

                                  ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.