872 F.2d 1028
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barry Winfred RITCHIE, Petitioner-Appellant,
v.
Gary LIVESAY, Warden, Respondent-Appellee.
 No. 88-5773.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Barry W. Ritchie, a Tennessee prisoner, appeals the district court's order dismissing his habeas petition filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Upon trial, a jury convicted petitioner of aggravated armed robbery and aggravated rape. Following exhaustion of state remedies, he petitioned the district court for federal habeas review of his claims. He challenged his conviction on the ground that the trial court allegedly deprived him of his right to due process by denying his motion for a continuance. Upon review, the district court dismissed the petition.
 
 
 3
 Upon consideration, we conclude that because petitioner failed to show that he was denied a fundamentally fair trial, see Webster v. Rees, 729 F.2d 1078, 1079-80 (6th Cir.1984), the district court properly denied his request for habeas relief. Although a trial court's failure to grant a continuance may, in certain instances, constitute a violation of due process, see Bennett v. Scroggy, 793 F.2d 772, 774-75 (6th Cir.1986), such was not the present case. Matters of continuance are within the discretion of the court, see United States v. Martin, 740 F.2d 1352, 1360 (6th Cir.1984), cert. denied, 472 U.S. 1029 (1985), whose decision will be reversed only upon a showing of an abuse of discretion so grave as to render the trial fundamentally unfair. Bennett, 793 F.2d at 774-75. Abuse of discretion is determined by ascertaining whether a defendant suffered any actual prejudice. See Martin, 740 F.2d at 1361. Here, petitioner has suffered no actual prejudice as a result of the court's denial of his motion.
 
 
 4
 Upon review of the record, it is clear that the testimony petitioner sought to elicit would have been merely cumulative, as two prior witnesses had already taken the stand and made the point he wished to elicit abundantly clear to the jury. Furthermore, while the additional testimony might possibly have been favorable to petitioner, its impact would not have been unique, exceptional or indispensable. Thus, the trial court's decision to deny the motion for a continuance was at most harmless error. See Rose v. Clark, 478 U.S. 570 (1986).
 
 
 5
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.