30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Archie GRAY, Petitioner-Appellant,
v.
Terry L. COLLINS, Warden, Respondent-Appellee.
 No. 93-4296.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: KENNEDY and SILER, Circuit Judges; and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Archie Gray, a pro se Ohio prisoner, moves for counsel and appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Gray was convicted by a Cuyahoga County, Ohio, jury of one count of attempted murder, one count of kidnapping, and one count of aggravated robbery, with each of the counts bearing specifications of previous conviction of an aggravated felony and of carrying a firearm while committing the offense charged. He was sentenced to fifteen to twenty-five years in prison on each of the counts and to three years of actual incarceration on the firearm specification. His convictions were affirmed on appeal.
 
 
 4
 On October 24, 1991, Gray, represented by counsel, filed the petition that forms the basis of this appeal claiming that he was denied his constitutional right to a fair trial by reason of the admission of evidence of a prior criminal act, and that his conviction was based on insufficient evidence. The matter was referred to a magistrate judge who issued a report recommending that the habeas petition be dismissed as meritless. Despite Gray's objections, the district court adopted the report and recommendation in a memorandum and order filed May 24, 1993. Reconsideration was denied in a marginal entry order on October 19, 1993.
 
 
 5
 Upon review, we affirm the district court's order. Gray does not cite any error in the district court's decision. Rather, he argues that the attorney who prepared his habeas petition was ineffective because the attorney failed to include additional claims. He also argues that his appellate counsel was ineffective because counsel failed to file a state post-conviction pleading attacking trial counsel's performance.
 
 
 6
 First, Gray has no constitutional right to effective assistance of counsel in the preparation of his habeas petition. See Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987); Ritchie v. Eberhart, 11 F.3d 587, 592 (6th Cir.1993), cert. denied, 114 S.Ct. 1111 (1994). Given the fact that Gray personally signed a verification of his habeas petition, it can be presumed that he knew of the issues being raised and ratified any omissions. Moreover, there is no duty for counsel to raise every " 'colorable' claim suggested by a client." Jones v. Barnes, 463 U.S. 745, 754 (1983). Second, his ineffective assistance of appellate counsel claim is not properly before the court as it was not raised in the district court and no exceptional circumstances warrant addressing the issue now. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 As best as can be gleaned from the appellate brief, Gray desires to file another habeas petition to include additional issues he claims his attorney neglected to raise in the instant petition. He does not identify those issues. He also asks this court to excuse any exhaustion problems relative to the additional issues and not to dismiss a subsequent habeas petition as an abuse of the writ.
 
 
 8
 This court does not have the authority to excuse any exhaustion problems relative to the additional issues Gray seeks to include in a subsequent habeas petition. By statute, a state prisoner must first exhaust available state court remedies before seeking habeas relief by fairly presenting his claims to the state courts in order to provide them an opportunity to redress any constitutional infirmity in the conviction. 28 U.S.C. Sec. 2254(b), (c). Furthermore, it would also be inappropriate for this court to excuse Gray from the requirement that he not file successive petitions. By statute, a habeas petition may be dismissed as an abuse of the writ if the petitioner had a prior opportunity to raise his claims and he either deliberately abandoned his claims or, by inexcusable neglect, failed to raise the claims at the prior opportunity. 28 U.S.C. Sec. 2244(b); Rule 9(b), Rules Governing Sec. 2254 Cases.
 
 
 9
 Finally, we have reviewed the merits of the claims asserted in Gray's habeas petition and conclude that they lack merit for the reasons stated by the district court.
 
 
 10
 For the foregoing reasons, the motion for counsel is denied, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation