52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Elmer S. EDWARDS, Petitioner-Appellant,
v.
Phillip PARKER, Warden; Chris Gorman, Attorney General;
William D. Zerillo, U.S. Marshal; Kenneth C.
Poore, U.S. Marshal; Janet Reno,
Attorney General, Respondents-Appellees.
 No. 94-6368.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Elmer S. Edwards, pro se, appeals a district court order denying his application for a writ of habeas corpus and also denying his "Petition for Prohibition or for a Temporary Restraining Order." The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 During the period from 1960 to 1989, Edwards participated in five separate bank robberies and received significant sentences upon his convictions for each of these offenses. Edwards also pleaded guilty to two counts of capital murder in Kentucky, in 1989, and received a sentence of 20 years to life. He was paroled three times between 1978 and 1988. However, after his third parole, Edward violated several conditions of his parole, and the United States Parole Commission issued a warrant for his arrest.
 
 
 4
 In December of 1993, Edwards filed, in the Western District of Kentucky, a "Petition for a Writ of Prohibition, or for a Temporary Restraining Order." The district court construed this pleading as a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241 and as a Petition for a Temporary Restraining Order. Edwards then filed an amended petition, on June 23, 1994, in which he alleged that the United States Government and the Commonwealth of Kentucky failed to abide by the Interstate Agreement on Detainers (IAD) when Edwards was placed in federal custody on March 6, 1991, for violating his parole conditions and when he was forced to remain in custody until October 28, 1991, while being held in a Kentucky state prison pursuant to a writ to stand trial for murder.
 
 
 5
 Upon consideration of the defendants' motions to dismiss the petition, the district court determined that: 1) Edwards had not exhausted his state remedies if the petition were to be construed as one challenging his state custody in Kentucky; and 2) there was no support for Edwards's arguments that the federal detainers lodged against him were a violation of his constitutional rights or of the IAD. The district court also noted that Edwards had suffered no detriment as a result of the U.S. Parole Commission's failure to conduct a hearing prior to his parole revocation. Thus, the district court determined that the application for a writ of habeas corpus should be denied.
 
 
 6
 On appeal, Edwards first argues that the district court erred by not appointing him counsel to assist him with his Sec. 2241 petition. However, Edwards is not entitled to the appointment of counsel in this collateral attack on his conviction and sentence. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Ritchie v. Eberhart, 11 F.3d 587, 591-92 (6th Cir.1993), cert. denied, 114 S.Ct. 1111 (1994). The district court did not abuse its discretion by failing to appoint Edwards counsel in this matter.
 
 
 7
 Secondly, Edwards argues that he was entitled to an evidentiary hearing in district court. Such a hearing is not required, because the application for the writ and the return presented only issues of law, see 28 U.S.C. Sec. 2243, and Edwards has not presented any material issues of fact that cannot be determined from the record. See Jeter v. Keohane, 739 F.2d 257, 257 n. 1 (7th Cir.1984).
 
 
 8
 Third, the petitioner argues that the district court erred by not accepting the facts as stated in his petition and by requiring exhaustion of his remedies in state court before reviewing the merits of his claims. Edwards states that his petition was filed solely under Sec. 2241, as a federal prisoner, so that exhaustion of the issues before a state court is unnecessary. Because Edwards is seeking to attack the execution of his sentence or the computation of his parole, the district court properly construed his pleading as a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991). A claim of a violation of the IAD is cognizable under 28 U.S.C. Sec. 2241, but the district court properly found that Edwards had failed to exhaust his available administrative remedies before filing a Sec. 2241 suit. Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991); Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). The United States Parole Commission has specific regulations which require exhaustion, see 28 C.F.R. Sec. 2.26 (1992), and it is apparent from the record that the Commission was still considering a parole revocation hearing for Edwards at the time this Sec. 2241 petition was filed. Lastly, Edwards has abandoned any issues relevant to 28 U.S.C. Sec. 2254 that he may have included in his original petition for relief. Thus, this court need not address these issues on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 9
 Accordingly, the district court's order denying this petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation