82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald B. BALL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1729.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: KENNEDY and COLE, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Donald B. Ball, proceeding pro se, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In October 1988, a jury convicted Ball of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and he was sentenced to 121 months of imprisonment. A panel of this court affirmed Ball's conviction and sentence. United States v. Ball, No. 88-2286 (6th Cir. Apr. 2, 1990).
 
 
 4
 Thereafter, Ball filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that the district court improperly charged the jury. The district court denied the motion as without merit, and this court affirmed. In his second § 2255 motion, Ball raised numerous grounds for relief, including ineffective assistance of counsel. The district court denied the motion as an abuse of the writ, and this court affirmed.
 
 
 5
 In his third and current motion, Ball argued that: 1) the district court incorrectly determined his base offense level; 2) the district court improperly assessed him two points for his role in the offense; and 3) counsel rendered ineffective assistance because he did not raise the above issues. Upon review, the district court denied grounds 2 and 3 above, concluding that they constituted an abuse of the writ. However, it determined that ground 1 was not subject to dismissal as an abuse because USSG § 1B1.3 had been substantively rewritten effective November 1, 1992. Thus, it found it was reasonable to conclude that Ball, an incarcerated individual, could not be expected to have known of the substantive change when he filed his second § 2255 motion on December 3, 1992. The district court appointed counsel to assist Ball in his pursuit of his first ground for relief. After considering the government's submission of evidence, oral argument, and Ball's post-hearing submission, the district court dismissed Ball's first ground for relief, concluding that Ball was accountable for 3.5 to 4.9 kilograms of cocaine.
 
 
 6
 On appeal, Ball reasserts his grounds for relief enumerated 1 and 2 above. He also argues that he received ineffective assistance of counsel at the hearing on his third § 2255 motion.
 
 
 7
 Initially, it is noted that Ball has abandoned his claim enumerated number 3 above. Because this issue has not been raised on appeal, it is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 8
 Ball's ineffective assistance of counsel argument lacks merit for two reasons. First, Ball has no constitutional right to counsel during the hearing on his § 2255 motion. See Coleman v. Thompson, 501 U.S. 722, 756 (1991); Ritchie v. Eberhart, 11 F.3d 587, 591 (6th Cir.1993), cert. denied, 114 S.Ct. 1111 (1994). Thus, he cannot claim constitutionally ineffective assistance of counsel. Second, Ball is not entitled to relief on the basis that counsel's alleged deficient performance constitutes a nonconstitutional error, because the record does not reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Grant v. United States, 72 F.3d 503, 506 (1996). Although Ball argues that counsel did not properly prepare for his hearing regarding the amount of drugs attributable to Ball, the record reflects that Ball acquired at least two kilograms of cocaine from Moreno, and that he purchased more than one and a half kilograms of cocaine from Ventimiglia.
 
 
 9
 The district court properly determined the amount of drugs attributable to Ball. United States v. Oleson, 44 F.3d 381, 385 (6th Cir.1995). The government met its burden of proving the amount of drugs to be charged to Ball by the preponderance of the evidence. Id. A review of the record reflects that Ball was responsible for 3.5 to 4.9 kilograms of cocaine. As stated above, Ball purchased at least two kilograms of cocaine directly from Moreno. In addition, between October 1987 and January 1988, Ball obtained cocaine from Ventimiglia on 20 to 30 occasions, and in October or November of 1987, Ball obtained one kilogram of cocaine. Moreover, during Ball's frequent parties (one every four to six days) Ball would have approximately a cup and a half of cocaine. Further, Ball loaned his car to Ventimiglia even though he knew that Ventimiglia was going to Detroit to pick up some cocaine. Ball also permitted Moreno to live in his motor-home even though he knew that Moreno was living in the area to sell cocaine.
 
 
 10
 Finally, Ball's argument enumerated number 2 above is barred for two reasons. First, this court has already rejected this claim in Ball's direct appeal. A defendant may not relitigate an issue that has already been decided. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam). Second, this argument constitutes an abuse of the writ, under the second clause of Rule 9(b), Rules Governing Section 2255 Proceedings. Under the second clause of Rule 9(b), a motion may be dismissed if it presents issues that could have been, but were not previously presented in a prior § 2255 motion, unless the petitioner can show cause and prejudice to excuse his failure to raise the claims in his original motion. See United States v. Flores, 981 F.2d 231, 234 (5th Cir.1993); Andiarena v. United States, 967 F.2d 715, 717-18 n. 4 (1st Cir.1992) (per curiam); cf. McCleskey v. Zant, 499 U.S. 467, 487-88 (1991) (court addressed abuse of the writ for petition under 28 U.S.C. § 2254). Once abuse is pleaded by the government or raised by the district court sua sponte, the petitioner must establish that he has not abused the procedure. See Andre v. Guste, 850 F.2d 259, 261-62 (5th Cir.1988). Here, the government raised the issue of abuse of the writ. However, Ball has alleged no cause, and it is clear that he can show no prejudice as this claim is without merit.
 
 
 11
 For the foregoing reasons, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation